Judge Birch
delivered the opinion of the court.
A single question arises from an inspection of the record in this case requiring the interposition of this court. The action was assumpsit, on the common courts, to which the defendant pleaded the statutory general issue.
Upon the trial in the court below, after the plaintiff bad closed his •testimony, the defendant offered in evidence accounts of rents &c-., of Paul’s kept by Carroll, showing that from May 1st ’44 to Nov. 1st ’46, Carroll had received $2543 of Paul’s money, which he had not accounted for, and offered to prove the items by witnesses. The plaintiff objecting, the court excluded the testimony, on the ground that there wag no proof that the money had been demanded, prior to the bringing of this suit, and to this the defendant excepted. Carroll had been acting as agent for Paulin settling accounts, keeping books, collecting moneys, &e., but had been out of his employment several months before the commencement of this suit. Indeed the suit grew out of the services alleged to have been rendered in that capacity. Such a case, therefore, seems to us to have no just analogy to those to which we have been referred—proceeding as they generally do, upon the assumption that the money was received by the agent to await the instructions of his principal. Here the reverse was the case, not only from the nature of the business, (including the every day association of the parties, tinder the same roof) during the time of the agency, but from the antagonistic relations subsequently produced by the plaintiff himself in the commencement of this suit, which, of itself, we think should be held equivalent to a request—had one been necessary, at the most, however, the plaintiff should be regarded as coming within that description of collecting agents “whose duty it was to receive money and pay it over in a reasonable time, and therefore liable to a suit without demand.” Am.leading ca. p. 520. Upon the whole, we think the testimony excluded should have gone to the jury. The judgment of the court below is therefore reversed, and the cause remanded.